FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Mar 30 2026

KEVIN P. WEIMER , Clerk

By: /s/Amanda Zarkowsky
Deputy Clerk

# United States District Court

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Shywean Leonard Horn

**CRIMINAL COMPLAINT**

Case Number:  1:26-mj-0372

I, the undersigned complainant, depose and say under penalty of perjury that the following is true and correct to the best of my knowledge and belief. On or about March 27, 2026 in Cherokee County, in the Northern District of Georgia, the defendant did: possess with intent to distribute a controlled substance, namely 400 grams or more of a mixture and substance containing a detectible amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

in violation of Title  21, United States Code, Section(s) 841(a)(1) and (b)(1)(A).

I further state that I am a Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

*Brian D. Everett*
Signature of Complainant
Brian Everett

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

March 30, 2026
Date

at   Atlanta, Georgia
City and State

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA Johnny Baer / 2026R00288/
john.c.baer@usdoj.gov

*Russell G. Vineyard*
Signature of Judicial Officer

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Brian D. Everett, depose and say under penalty of perjury as follows:

1. I made this affidavit of an application for a Criminal Complaint against Shywean Leonard HORN ("hereinafter HORN.") As a Task Force Officer with the DEA ("Agency"), I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). Therefore, I am empowered to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I, Task Force Officer (TFO) Brian D. Everett, am a certified Police Officer in Jonesboro, Clayton County, Georgia. I was employed at the Clayton County Sheriff's Office from December 18, 2000, to September 30, 2022, after which I transferred to Clayton County Police Department (starting on October 1, 2022). I was certified as a basic peace officer on May 13, 2005. My certificate number is PBLE050627S. Since December 2007, I have been assigned to the Drug Enforcement Administration (DEA) High Intensity Drug Trafficking Area (HIDTA) Group 4 as a federally deputized DEA Task Force Officer.

3. During my tenure in law enforcement, I have participated in the application for and execution of numerous arrest and search warrants in the investigation of narcotics and organized crime related offenses, resulting in the prosecution and conviction of numerous individuals and the seizure of illegal drugs, weapons, stolen property, and other evidence of criminal activity.

4. My training includes the 400-hour basic law enforcement training academy at the Clayton Regional Law Enforcement Academy, 16-hour Domestic Drug Interdiction Course, 14-hour Drug Investigation Course, 16-hour Intercepting Audio Intelligence Course, 2-hour Money Laundering Investigative Course, 40-hour Interviews and Investigations Course, 3-hour Search and Seizure Course, 24-hour Domestic Drug Interdiction Course, 24-hour Supervising Counter-Drug Operations Course, 4-hour Tactical Diversion Training (Drugs), 8-hour Marijuana Investigations Course, 40-hour DEA Clandestine Lab Investigations Course, 24-hour Drug Course. As a result of this training, I have received training on search and seizure techniques, including the applicable state and federal statutes and case law governing search and seizure. I am certified by the Georgia POST Council as a general instructor. I have also earned a Bachelor of Arts degree in Criminal Justice from Northeast Louisiana

University. Since being attached to HIDTA Group 4, I have attended the 80-hour Basic Narcotics Officer training course and the 40-hour Task Force Officer training course. I have also attended two training classes that detailed specific methods drug traffickers use to conceal and transport illegal narcotics, United States currency, weapons and other contraband. This list of training is not all-inclusive.

5. During my law enforcement career, I have written and/or executed numerous search, seizure and arrest warrants pertaining to the seizure of all types of criminal evidence such as illegal drugs, drug paraphernalia, drug records, drug proceeds and evidence of other types of crimes, and arrests of individuals involved in drug trafficking activities. I have received specialized training in the enforcement of drug laws, with an emphasis on drug trafficking and drug organizations. I have participated in numerous drug investigations and have deployed various investigative techniques during those investigations. I have become familiar with the patterns of activity of drug traffickers; the types and amounts of profits made by drug dealers; and the methods, language, and terms that are used to disguise the source and nature of the profits from their illegal drug dealings. I have received specialized training in the use of electronic surveillance, including wiretaps, and I have participated in multiple wiretap investigations conducted under Title III.

6. Based on my training and experience in the investigation of drug traffickers, and based upon interviews I have conducted with defendants, informants, and other witnesses and participants in drug trafficking activity, I am familiar with the ways in which drug traffickers conduct their business. My familiarity includes: the various means and methods by which drug traffickers import and distribute drugs; their use of cellular telephones to facilitate their drug trafficking activity; and their use of numerical codes and code words to conduct drug transactions. I am familiar with the ways that drug traffickers conceal, convert, transmit, and transport their drug proceeds.

**Probable Cause**

7. On March 26, 2026, DEA conducted a "buy/bust" operation in Athens, GA for two kilograms of fentanyl. At approximately 3:00 P.M., a confidential source (CS) went to a location in Athens at the direction of DEA agents to purchase two kilograms of fentanyl. The CS was in contact via cellular telephone with a broker located in Mexico that was directing the courier in Athens to meet with the CS.

8. While the CS was waiting at the location to receive the fentanyl, the CS along with Task Force Officers (TFOs) Brian Everett and Kevin Toliver observed a Toyota Tacoma, occupied by an unknown Hispanic male drive through the parking lot where the CS was standing. Immediately after the unknown Hispanic male drove through the parking he told the CS he didn't feel comfortable meeting because of the number of trucks with tinted windows.

9. The CS continued to wait at the location while the unknown Hispanic male sent another location to meet the CS. The CS sent an additional location for the unknown Hispanic male to go, but the Hispanic male refused.

10. Agents maintained surveillance on the Toyota Tacoma until a traffic stop was conducted by the Georgia Stated Patrol (GSP). During the stop, the unknown Hispanic male was identified as Josue De Jesus PACHECO (hereafter referred to as "SOI"). A narcotics K-9 was deployed on the vehicle for an open-air sniff and the K-9 positively alerted to the odor of narcotics. During the search, GSP located two kilograms of suspected fentanyl and another small plastic bag containing a white powdery substance. A field test was conducted on the two kilograms and the substance tested positive for fentanyl, a Schedule I controlled substance.

11. Agents interviewed PACHECO, and he stated that he only had two kilograms of fentanyl remaining and that Shywean Leonard HORN was holding the drugs for him in Acworth, GA.

12. On March 27, 2026, PACHECO called TFO Toliver and said that he told HORN that he was sending someone to pick up the two kilograms of fentanyl. HORN stated that he didn't want to leave his residence and instructed PACHECO to send someone to the house to pick it up. HORN said that he would place the fentanyl in a box on the curb in front of his house. During surveillance, agents observed HORN enter his garage and exit with a box and place it on the curb in front of his residence.

13. A DEA agent, acting in an undercover capacity was heading to the residence to pick up the box when surveillance units observed HORN move the box to the rear of his residence. HORN immediately got in his vehicle and drove around his neighborhood as though he was looking for someone before leaving the neighborhood to go to Walmart. Surveillance was maintained on HORN as he left Walmart and went back to his residence.

14. On the same date DEA executed a search warrant at HORN's residence at 261 Shoals Bridge Road, Acworth, GA 30102. During the search Special Agent (SA) Kevin Coleman located a yellow bag containing two kilograms of fentanyl under the deck in the rear of the residence. A field test was conducted on the two kilograms and the test came back positive for fentanyl.

END OF AFFIDAVIT